L. Barron Hill, J.
An application has been brought by a friend of an unrecovered mental patient to procure her discharge from a licensed private institution pursuant to subdivision 4 of section 87 of the Mental Hygiene Law. • The petitioner’s theory, reflected in his memorandum of law, is not that the patient has recovered, but rather that she is still entitled to her release if the court finds her discharge will not be detrimental to the public welfare, or injurious to the patient.
The application is of a hybrid nature, having features of a habeas corpus writ, and also a pure statutory application as provided in subdivision 3 of section 87 of the Mental Hygiene Law. Whatever the precise form be, the committee has appeared and challenged the jurisdiction of the court to entertain this proceeding. The committee argues there is a meaningful distinction between the discharge of an unrecovered mental patient from the State hospital and from a private institution; and, that such distinction bars any proceedings of this nature.
I believe it is clear that the statute requires two basic findings before an unrecovered patient can be discharged: (1) that it will not be detrimental to the public welfare, and (2) that it will not be injurious to the patient. Where the release is from a State hospital the director must be satisfied that friends or relations are willing and able to care for the patient. This latter requirement is unnecessary for a discharge from a licensed institution because, obviously, there is already some friend or relative caring for the patient. It does not follow, therefore, as the committee argues, that because the word “friend” is missing from subdivision 4 of section 87 only the committee can petition for discharge, and such a construction would be strained.
*470 Subdivision 4 of section 87 does provide in part: “4. Discharge of patients from licensed institutions. The person in charge of a licensed private institution, on filing his written certificate with the department, may discharge any patient who is recovered, or, if not recovered, whose discharge will not be detrimental to the public welfare, or injurious to the patient. ’ ’ The language of the statute is clear. The head of a licensed institution can refuse to discharge a patient only if in his judgment the basic two findings relative to the patient’s condition are not met. Even then his judgment of refusal is subject to the approval of the Commissioner. I believe a patient can enforce these rights and test the reasonableness of the refusal, even if a well-intentioned committee is opposed. Whether the statutory remedy of subdivision 3 of section 87 can be read into subdivision 4, or a habeas corpus, mandamus or other form of action is applicable there must be certain facts alleged which are missing in the present application.
The pleading must contain a definite recital that the patient’s release will not be detrimental to the public welfare or injurious to the patient. It must further show that a formal request for discharge has been made to the person in charge of the licensed institution, the refusal to file a written discharge certificate, and the Commissioner’s approval of such action, or such ultimate facts as might waive these procedural steps.
The instant petition does not allege facts shoAving that the discharge will not be detrimental to public welfare, nor has there been any denial of any formal request for discharge. The letter annexed to the petition from the institution head is some seven months old, and appears to be in answer to an informal request for information about the patient’s condition.
Accordingly, the petition is dismissed, with leave to reneAV upon proper papers.
Settle order.